IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALFRED GARY KILLEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-07-1763 |
| SUSMAN GODFREY L.L.P., | § | |
| STEPHEN D. SUSMAN, | § | |
| H. LEE GODFREY, and | § | |
| NEAL S. MANNE, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Defendants' Motion to Compel Arbitration and to Dismiss or Stay Proceedings (Docket Entry No. 5). For the reasons stated below, defendant's motion will be granted and this action will be stayed pending arbitration.

**I. Background**

Plaintiff, Alfred Gary Killen, was hired by defendant Susman Godfrey L.L.P. ("Susman Godfrey") on March 9, 2000, as a legal assistant.[1] On the day he was hired, Killen signed an Agreement for Employment at Will, in which Killen and Susman Godfrey agreed that "any dispute arising out of our employment relationship that concerns any right recognized by applicable law shall be resolved

---

[1] Defendants' Memorandum in Support of Defendants' Motion to Compel Arbitration and to Dismiss or Stay Proceedings, Docket Entry No. 6, p. 2.

exclusively by arbitration."[2]  On July 9, 2002, Killen signed a three-page Mutual Agreement to Arbitrate Claims (the "Agreement").[3] The Agreement states that Susman Godfrey and Killen

> mutually consent to the resolution by arbitration of any and all legal and equitable disputes ("Claims") arising from the employment relationship or the termination thereof, or any other matter between them.  Employee claims against the Firm's partners . . . individually or in any other capacity, are covered by the Agreement without limitation.[4]

Killen's employment was terminated on March 16, 2005.[5]  On May 29, 2007, plaintiff filed the instant lawsuit, alleging that Susman Godfrey failed to pay him and other employees overtime in violation of the Fair Labor Standards Act, that defendants breached a contract by failing to pay him a salary and bonus promised to him when he was hired, and that fraudulent misrepresentations were made to him about his salary by defendant Neal S. Manne, a partner at Susman Godfrey.  Arguing that plaintiff has agreed to arbitrate his claims, defendants move the court to compel arbitration.

---

[2]Defendants' Memorandum in Support of Defendants' Motion to Compel Arbitration and to Dismiss or Stay Proceedings, Docket Entry No. 6, attached as Exhibit 1 to Declaration of Charles Post, Exhibit A.

[3]Id., attached as Exhibit 2 to Declaration of Charles Post.

[4]Id.

[5]Id. at 1.  Plaintiff alleges that his last day of active employment was on March 15, 2005, but he remained on Family Medical Leave Act leave through June 17, 2005.  Plaintiffs' Memorandum in Support of Plaintiffs' Reply to Defendants' Motion to Compel Arbitration and to Dismiss or Stay Proceedings, Docket Entry No. 8, p. 2.

## II.  Motion to Compel Arbitration

### A.  Standard of Review

The Federal Arbitration Act (FAA), 9 U.S.C. §§ 1, et seq., creates "a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act."  Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 103 S. Ct. 927, 941 (1983).  When deciding whether parties should be compelled to arbitrate courts conduct a two-step inquiry. Will-Drill Resources, Inc. v. Samson Resources Co., 352 F.3d 211, 214 (5th Cir. 2003).  First, the court must decide whether the parties agreed to arbitrate their dispute and, if so, whether this dispute falls within the scope of the arbitration agreement.  Id. Second, the court must consider whether any federal statute or policy renders the claims nonarbitrable.  Id.

### B.  Analysis

Determination of whether the parties agreed to arbitrate their dispute involves two considerations:  "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement.  When deciding whether the parties agreed to arbitrate the dispute in question, courts generally . . . should apply ordinary state-law principles that govern the formation of contracts.  In applying state law, however, due regard must be given to the federal policy favoring arbitration."  Webb v.

-3-

Investacorp, Inc., 89 F.3d 252, 258 (5th Cir. 1996) (internal citations omitted).

Killen alleges that the Agreement is invalid because he signed it "under extreme duress and NOT voluntarily."[6] Killen argues that defendants "should inform potential employees of this requirement during the interview process, but if not then, before they are offered employment."[7] Essentially, Killen argues that his assent to the Agreement was not voluntary because it was a condition of his continued employment. However, the Texas Supreme Court has held that, where an employer may terminate the relationship at any time, it may also institute new conditions of employment provided that employees receive notice of the conditions. In re Halliburton Co., 80 S.W.3d 566, 572 (Tex. 2002) (citing Hathaway v. General Mills, Inc., 711 S.W.2d 227, 229 (Tex. 1986)). "Generally, when the employer notifies an employee of changes in employment terms, the employee must accept the new terms or quit. If the employee continues working with knowledge of the changes, he has accepted the changes as a matter of law." Hathaway, 711 S.W.2d at 229. Killen's duress argument is therefore unavailing.[8] Killen does not

---

[6]Plaintiffs' Memorandum in Support of Plaintiffs' Reply to Defendants' Motion to Compel Arbitration and to Dismiss or Stay Proceedings, Docket Entry No. 8, p. 2.

[7]Id. at 3.

[8]In the Memorandum in Support of his Reply to defendants' motion Killen states that he "believes the Defendants has [sic] admitted in their Memorandum . . . that Plaintiff and Defendants,
(continued...)

dispute that he had notice of the Agreement's terms.  The court therefore concludes that there exists a valid agreement to arbitrate between the parties.

The court must next determine whether the dispute in question falls within the scope of the arbitration agreement.  <u>Webb</u>, 89 F.3d at 258.  Killen does not argue that his claims fall outside the scope of the Agreement.[9]  The Agreement states that Killen and Susman Godfrey

> mutually consent to the resolution by arbitration of any and all legal and equitable disputes ("Claims") arising from the employment relationship or the termination thereof, or any other matter between them.  Employee claims against the Firm's partners . . . individually or in any other capacity, are covered by the Agreement without limitation.  The types of Claims covered by the Agreement include, but are not limited to, Claims for wages or other compensation; breach of contract or covenant (express or implied); negligence or other torts; discrimination or harassment . . ., Claims based on worker's compensation retaliation; benefits . . .; and

---

[8](...continued)
Susman Godfrey L.L.P. had a contract for employment.  Plaintiff also believes that he and Henry Gonzalez were the only employees with those contracts."  <u>Id.</u> at 4.  However, defendants' filings with this court have made no such admission, plaintiff has presented no evidence of such a contract, and the Agreement explicitly states that it "is not, and shall not be construed to create, a contract of employment" and "does not in any way alter the 'at will' status of Employee, and does not, and shall not be construed to, modify the 'at will' agreement executed by Employee."  Defendants' Memorandum in Support of Defendants' Motion to Compel Arbitration and to Dismiss or Stay Proceedings, Docket Entry No. 6, attached as Exhibit 2 to Declaration of Charles Post, Exhibit A.

[9]Plaintiffs' Memorandum in Support of Plaintiffs' Reply to Defendants' Motion to Compel Arbitration and to Dismiss or Stay Proceedings, Docket Entry No. 8.

any violation of any federal, state, local or other governmental law, statute, regulation or ordinance.[10]

Killen's claims for violations of the Fair Labor Standards Act, breach of contract, and fraudulent misrepresentation all arise from his employment relationship with Susman Godfrey.[11] This action therefore falls squarely within the plain language of the Agreement.

Because no federal statute or policy renders Killen's claims nonarbitrable, defendants' motion to compel arbitration will be granted.[12]

### III.  Conclusions and Order

For the reasons set forth above, the court concludes that the plaintiff's allegations are arbitrable and are within the scope of a valid arbitration agreement between plaintiff and defendants. Accordingly, Defendants' Motion to Compel Arbitration and to Dismiss or Stay Proceedings (Docket Entry No. 5) is **GRANTED**.

---

[10] Defendants' Memorandum in Support of Defendants' Motion to Compel Arbitration and to Dismiss or Stay Proceedings, Docket Entry No. 6, attached as Exhibit 2 to Declaration of Charles Post, Exhibit A.

[11] Original Petition, Docket Entry No. 1.

[12] Killen does not argue that any federal statute or policy renders his claims nonarbitrable.  See Plaintiffs' Memorandum in Support of Plaintiffs' Reply to Defendants' Motion to Compel Arbitration and to Dismiss or Stay Proceedings, Docket Entry No. 8.  See also Carter v. Countrywide Credit Indus., 362 F.3d 294, 297-98 (5th Cir. 2004) (holding that Fair Labor Standards Act claims are generally subject to arbitration).

Killen is **ORDERED** to commence arbitration within 30 days from the entry of this Memorandum Opinion and Order.  The parties will provide the court with a status report on October 1, 2007, and every 30 days thereafter.  The September 21, 2007, scheduling conference is **CANCELED**.

    **SIGNED** at Houston, Texas, on this 30th day of August, 2007.

                                      SIM LAKE
                         UNITED STATES DISTRICT JUDGE